**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| OPTi INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-21-CE |
| | § | |
| APPLE, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

## I. Introduction

Before the court are the defendant Apple, Inc.'s ("Apple") motion for judgment as a matter of law ("JMOL") or for a new trial regarding willfulness (Dkt. No. 182); motion for JMOL and new trial regarding the 35 U.S.C. § 112 enablement defense (Dkt. No. 175); motion for a new trial, remittitur, and JMOL regarding damages (Dkt. No. 183); motion for JMOL regarding prior art invalidity or for a new trial (Dkt. No. 192); and the plaintiff OPTi Inc.'s ("OPTi") motion for entry of judgment on the jury verdict and request for enhanced damages (Dkt. No. 173). For the reasons discussed below, Apple's motion for JMOL on willfulness is GRANTED, Apple's motions on damages and the enablement and prior art invalidity defenses are DENIED, OPTi's request for enhanced damages is DENIED as moot, and OPTi's motion for entry of judgment is GRANTED in part.

## II. Factual and Procedural Background

On January 16, 2007, OPTi filed suit against Apple for patent infringement. OPTi accused Apple of infringing U.S. Patent No. 6,405,291 (the "'291 patent"). The court resolved the claim construction disputes and later granted summary judgment of infringement. The balance of the case was tried to a jury, and the jury returned a verdict on April 23, 2009. The jury (1) found that

Apple's infringement was willful; (2) did not find the asserted claims invalid due to either anticipation or obviousness; and (3) awarded $19,009,728 as a reasonable royalty to compensate for infringement.

Apple has filed several post-verdict motions seeking JMOL, new trial, and other forms of relief. First, Apple requests that the court enter JMOL of no willfulness because OPTi allegedly did not, by clear and convincing evidence, demonstrate that Apple's infringement was willful. In the alternative, Apple seeks a new trial on willfulness. Second, Apple seeks JMOL, or in the alternative a new trial, on invalidity due to lack of enablement. Third, Apple moves for a new trial, remittitur, and JMOL regarding damages. Fourth, Apple requests JMOL, or in the alternative a new trial, on its defenses of anticipation and obviousness. In contrast, OPTi seeks entry of judgment on the jury's verdict and an enhanced damage award of $12,673,150, in addition to the jury's royalty award.

## III. Legal Standards

### A. Judgments as a Matter of Law

JMOL may be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue." Fed. R. Civ. P. 50(a)(1). Motions for judgment as a matter of law are procedural issues not unique to patent law; thus they are reviewed under the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may not be granted unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall,* 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *DP Solutions, Inc. v. Rollins, Inc*., 353 F.3d 421, 427 (5th Cir. 2003). In ruling on a renewed motion for JMOL, the court may allow judgment on the verdict, if the jury returned a verdict, order a new trial, or direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). The court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

**B. Motions for a New Trial**

The court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). Like JMOL, a motion for a new trial is a procedural issue, which is reviewed under the law of the regional circuit. *Riverwood Int'l Corp. v. R.A. Jones & Co., Inc.*, 324 F.3d 1346, 1352 (Fed. Cir. 2003). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "The decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

**C. Willful Infringement**

The Federal Circuit has set forth a two-pronged approach to determining willful infringement. First, a patentee must make a showing of at least "objective recklessness." *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). This first prong requires "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* If the patentee can show objective recklessness, then

the patentee must also prove the second prong by showing that the objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer." *Id*. While the Federal Circuit did not set forth further guidance in *Seagate* for applying this test, it did indicate that the objectively-defined risk should be determined by the record developed in the infringement proceeding. *Id*. "The court's finding on willful infringement is one of fact, subject to the clearly erroneous standard of review." *Cohesive Techs., Inc. v. Waters Corp*., 543 F.3d 1351, 1374 (Fed. Cir. 2008) (internal citations omitted).

## IV. Discussion

### A. Willful Infringement

Apple requests the court enter JMOL, or alternatively, grant a new trial, on the issue of willful infringement. Apple argues that its invalidity and noninfringement arguments raised a close question; thus a reasonable jury could not have found the objectively high likelihood of infringement necessary for willfulness. In response, OPTi argues that Apple's invalidity and noninfringement arguments have no bearing on the objective prong of willfulness determination–only pre-litigation conduct should be assessed.

The Federal Circuit's post-*Seagate* opinions confirm that strong, but unsuccessful noninfringement and invalidity defenses presented during litigation weigh against a finding of objective recklessness. In *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314 (Fed. Cir. 2009), the Federal Circuit upheld the district court's JMOL of no willfulness because a close question of infringement under the doctrine of equivalents prevented a finding of "an objectively high likelihood of infringement." *Id.* at 1336-37. Likewise, because the defendant in *Cohesive Technologies, Inc. v. Waters Corp.*, 543 F.3d 1351 (Fed. Cir. 2008) raised a "sufficiently close

question" during claim construction, there was no objective recklessness. *Id.* at 1374 & n.4. Finally, *Black & Decker, Inc. v. Robert Bosch Tool Corp.*, 260 F. App'x 284 (Fed. Cir. 2008) stated that "[u]nder [*Seagate's*] objective standard, both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent." *Id.* at 291 (dictum).

Although Apple's invalidity and noninfringement arguments were unsuccessful, these defenses were strong enough to preclude a finding of objective recklessness. Apple proposed a construction for the "snoop access" term that, if adopted by the court, would likely have altered the infringement issue. In addition, the "constant rate" issue presented a close question. Finally, at trial, Apple presented a good faith argument that the '291 patent was invalid as anticipated. The Compaq '073 patent disclosed all elements of OPTi's asserted claims, and Apple provided evidence allegedly demonstrating that the '073 patent had priority over the '291 patent. *Cf. infra* section IV.D. Although the jury rejected this defense, the issue was, viewed objectively, sufficiently close to preclude a finding of willful infringement.

In all, because "the issues of infringement and validity were hotly contested, close, and required an intensely factual inquiry," the court finds that there was no objectively high likelihood of infringement. *See Centocor, Inc. v. Abbott Labs.*, No. 2:07-CV-139, Dkt. No. 326 at 6 (E.D. Tex. Oct. 1, 2009) (Ward, J.). Therefore, Apple's motion for JMOL on willfulness is granted.

**B. Enablement**

Apple argues that the asserted claims of the '291 patent are invalid for lack of enablement. The enablement requirement requires that "[t]he specification shall contain a written description of the invention . . . in such full, clear, concise, and exact terms as to enable any person skilled in the

art to which it pertains . . . to make and use the same . . . ." 35 U.S.C. § 112.

In particular, Apple contends that the '291 patent's written description does not enable claims to a chipset architecture that achieves a 100% PCI throughput. In response, OPTi argues that the '291 patent discloses and claims only a chipset that uses presnooping to achieve data transfer at a constant rate; the patent makes no claim to 100% PCI throughput. OPTi contends that Apple's infringing chipsets use the claimed presnooping technology to achieve the unclaimed PCI throughput result.

Apple does not argue that the *claims* are not enabled; rather, Apple alleges that *its device*, an improvement over the preferred embodiment, is not enabled. The court is not persuaded by Apple's contention because § 112 requires enablement of only the claimed invention, not unclaimed improvements. *See, e.g., Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1071 (Fed. Cir. 2005); *CFMT, Inc. v. Yieldup Int'l Corp.*, 349 F.3d 1333, 1337-40 (Fed. Cir. 2003); *DeGeorge v. Bernier*, 768 F.2d 1318, 1324 (Fed. Cir. 1985), *superseded on other grounds by regulation*, 49 Fed. Reg. 48416 (Dec. 12, 1984). Apple's argument would effectively limit the scope of the claims to the disclosed embodiments and run afoul of well-settled Federal Circuit precedent. Therefore, the motion for JMOL and new trial regarding the 35 U.S.C. § 112 defense is denied.

**C. Damages**

Apple seeks a new trial on damages, or alternatively, a remittitur to $5 million. Apple contends that (1) the evidence in the record does not support the jury's $19,009,728 verdict; (2) the jury instructions improperly allowed the jury to consider the entire market value of Apple's computers, instead of merely the chipsets; (3) admission of Apple's $3.5 billion in computer revenues was prejudicial; and (4) the arguments and instructions on willfulness were prejudicial.

According to the Federal Circuit, "[a] jury's decision with respect to an award of damages 'must be upheld unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.'" *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1072 (Fed. Cir. 2003) (quoting *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1580 (Fed. Cir. 1992)). The court concludes that the jury's damages verdict is supported by sufficient evidence. Based upon OPTi's and Apple's licensing histories, as well as expert testimony on royalty calculations, the jury could have reasonably concluded that a reasonable royalty was worth at least $19 million. Next, the court is not persuaded that it erred in permitting evidence of the total revenue derived from the accused computers, $3.5 billion. This total revenue evidence is relevant to *Georgia-Pacific* factor number 6–derivative sales. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pacific Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) ("The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales."). Had Apple, for instance, sold very few computers containing the infringing chipsets, such evidence would have been admissible to show the infringer's minimal use of the invention. In all, Apple has not carried its burden of showing that the jury's award was "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." Therefore, Apple's motion for a new trial, remittitur, and JMOL regarding damages is denied.

**D. Prior Art Invalidity**

Apple has moved for JMOL, or alternatively a new trial, on its claim that the '291 patent is

invalid as anticipated by or obvious in light of the prior art. Apple argues that the Compaq ‘073 patent, which discloses all limitations of the asserted ‘291 claims, has priority over the ‘291 patent.

“[P]riority of invention goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive of the invention and that it exercised reasonable diligence in later reducing that invention to practice.” *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998). According to Apple, it presented clear and convincing evidence that the Compaq ‘073 patent was conceived prior to June 1994, which is the alleged date of conception for the ‘291 patent. Apple also contends that OPTi failed to produce sufficient evidence of continuous diligence from the alleged date of conception until its constructive reduction to practice, the date of filing, in July 1995. In response, OPTi points to evidence showing that Compaq had not figured out how to make the chipset’s pipelining feature work until after June 1994; thus, Compaq had not fully conceived the invention. The evidence also demonstrates, according to the plaintiff, that OPTi’s inventors performed simulations and testing until November 1994, when they demonstrated that the chip worked successfully, and thus reduced the invention to practice. OPTi’s evidence is sufficient to persuade a reasonable jury that its ‘291 patent has priority over the Compaq ‘073 patent. Therefore, Apple’s motion for JMOL or new trial on prior art invalidity is denied.

## V. Conclusion

Sufficient evidence supports the jury’s failure to find invalidity and its damages award. OPTi’s case against Apple was close enough, however, to preclude a finding of willful infringement. Therefore, Apple’s motions regarding damages, enablement, and prior art invalidity are denied. Apple’s motion for JMOL on willfulness is granted. OPTi’s motion for entry of judgment on the jury verdict is granted in part, and OPTi’s request for enhanced damages is denied as moot. A final

judgment is entered contemporaneously herewith.

SIGNED this 3rd day of December, 2009.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE